JENNIE HAKALA, TRUSTEE FOR HEIRS OF
PALMER E. HANSON, v. MEGARRY BROS.

244 N. W. 2d 156.

July 2, 1976—No. 45888.

*Donovan, McCarthy, Crassweller, Larson, Barnes & Magie*, for appellant.

*Halverson, Watters, Bye & Downs* and *Don L. Bye*, for respondent.

PER CURIAM.

In this action to recover damages for death by wrongful act, the jury returned a verdict for plaintiff, and defendant appeals from the judgment entered after the denial of the motion for a new trial.

Plaintiff decedent, while driving his vehicle in an easterly direction on U. S. Highway 210 at or near the county line separating Carlton and Aitkin Counties, was killed in the early evening of November 14, 1965, when his vehicle collided head on with a vehicle approaching in the west-bound traffic lane, causing deaths and serious injuries.

For some months preceding the day of the accident, the defendant had been engaged on behalf of the state in putting a bituminous covering over the old concrete surface on a stretch of the road for approximately 21 miles in western Carlton County and eastern Aitkin County. The construction contract also called for bringing the shoulder of the road up to a level of the new black-top surface. Traffic was permissible during construction.

This action was brought against the contractor to recover for wrongful death on the claim the contractor was negligent in its performance of the contract by failure to warn of the dropoff condition created between the new asphalt surface and the shoulder and also the unreasonable delay in bringing the shoulder in level with the surface of the roadway.

The jury returned a special verdict finding decedent 35 percent negligent and defendant 65 percent negligent, fixing damages at $100,000. Judgment was entered for plaintiff in the sum of $35,000. (Maximum recovery permitted under Minn. St. 1969, § 573.02). Olson v. Hartwig, 288 Minn. 375, 180 N. W. 2d 870 (1970).

No occupant of either vehicle testified, either because they did not survive the accident or were too young or infirm to testify. No witnesses to the collision testified. A highway patrolman who arrived at the scene about one-half hour after the occurrence testified as to his observations. Two relatives of the plaintiff testified as to their observations made the day after the occurrence of the accident. The cross-examination of one of the principal officers of defendant, Richard Megarry, made up the balance of plaintiff's case on the liability issue.

Defendant contends plaintiff's evidence is based on speculation and conjecture and does not support the verdict. We cannot agree. It is true that the testimony offered by plaintiff was from witnesses who made their observations long after the occurrence and after people and vehicles had been milling around the scene of the accident. This criticism of the evidence properly goes only to the weight to be given the evidence. The rule is well settled that unless the verdict is manifestly and palpably contrary to the evidence viewed in the light most favorable to the prevailing party it must be sustained by this court. Richie v. Elmquist, 283 Minn. 375, 168 N. W. 2d 332 (1969). Thus, in this case, by accepting testimony of plaintiff's witness the jury could have found the accident occurred when plaintiff decedent, while driving on the surface of the highway in an easterly direction, encountered a dog. The dog was found dead on the south shoulder, a short distance west of the location of the vehicle after impact. The decedent's vehicle went off onto the shoulder with its right wheels. There was evidence on the

edge of the asphalt that indicated the vehicle had some difficulty getting back onto the surface of the asphalt because of the dropoff caused by the space between the unfinished shoulder and the surface of the asphalt. When the vehicle got back onto the surface, it careened into the opposite travel lane. This evidence justified the jury in finding the defendant negligent in permitting the dangerous condition to exist an unreasonable length of time and failing to adequately warn of the condition.

Defendant asserts error on the part of the trial court in instructing on the emergency doctrine. The foregoing facts as to the occurrence of the accident make clear the court was justified in giving the emergency doctrine. The facts warrant a finding that the driver was confronted with a peril through no fault of his own. The giving of the instruction was appropriate under the circumstance. Trudeau v. Sina Contracting Co. Inc. 241 Minn. 79, 62 N. W. 2d 492 (1954).

In plaintiff's closing argument, counsel made a comment from which an inference could be drawn that the defendant may have been responsible for the delay in bringing this matter on for trial. The denial of the trial court of the motion for mistrial is also assigned as error. The judgment of the trial court that the comment was not so prejudicial as to be beyond correction by a cautionary instruction was not an abuse of his discretion. Richie v. Elmquist, *supra.*

Affirmed.