Gilbert M. STEWART, as Trustee for the Next of Kin of Ricky A. Stewart, Appellant,

v.

Donald FRISCH, et al., Respondents.

No. C1–85–1225.

Court of Appeals of Minnesota.

Jan. 28, 1986.

Review Denied March 27, 1986.

William A. Lindquist, Winona, for appellant.

James H. Turk, Blethen, Gage, Krause, Blethen, Corcoran, Berkland & Peterson, Mankato, for respondents.

Heard, considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order denying a new trial in a wrongful death action. Appellant claims the trial court (1) erred in accepting the jury's special verdict that respondent's negligence was not a direct cause of decedent's death, (2) erred in not reinstructing the jury regarding direct cause, and (3) abused its discretion in not receiving certain evidence. We affirm.

## FACTS

Decedent Ricky A. Stewart and his cousin Wayne Denzer went fishing on the evening of April 26, 1981. On their way home, they stopped at a bar from 9:30 p.m. to 1:00 a.m. Denzer had three or four strong

beers, and the two again got on Denzer's motorcycle and headed for home with Denzer driving. The 350 Honda was not equipped with a windshield, and Denzer was not wearing his goggles.

The motorcycle, with its headlight on high beam, proceeded down Highway 248 on a dark night when suddenly Denzer saw an object in the center of the road about 15–20 feet away. It was a horse owned by respondents Donald and Mary Frisch. The horse, dark in color, was standing broadside and moving slowly. Denzer did not have time to avoid the collision.

Denzer remained with the motorcycle and suffered minor injuries. The horse was thrown to the ground on the side of the road where it was later struck by the deputy sheriff's car arriving at the scene. Decedent was thrown from the motorcycle and suffered fatal head injuries. He died two days later.

Denzer's motorcycle did not have a speedometer. He estimated his speed at impact at 50–55 miles per hour. Appellant trustee's expert witness estimated the vehicle's speed at 51–60 miles per hour, while respondents' expert witness estimated 63–73 miles per hour.

The horse had escaped that night from its fenced-in yard. The fence consisted of posts placed 10 feet apart with two 2 × 6 boards hung between. The horse had then wandered about one-half mile to the scene of the accident. The horse had escaped on previous occasions.

After the accident, appellant Gilbert M. Stewart, trustee of decedent's next of kin, sued for wrongful death against Wayne Denzer and respondents Frisch. A *Pierringer* settlement was reached later between appellant and Denzer, dismissing Denzer from the suit. At trial, the jury found by special verdict (1) appellant's damages were $52,416, (2) decedent was negligent and his negligence was a direct cause of his own death, (3) Denzer was negligent and his negligence was a direct cause of the death, (4) respondents were negligent, but their negligence was not a direct cause of the death, and (5) negli-

gence which was a direct cause of the death should be attributed 80% to Denzer and 20% to decedent.

Before returning the special verdict, the jury through its foreperson questioned the trial court:

We feel that one (1) party was not a direct cause of the death of Ricky A. Stewart in subpart B of Questions #2, 3 and 4, yet we find the same party negligent in part A of Number 2, 3 and 4.

Question #5 regarding a percentage of responsibility monetarily we have not found this party responsible in subpart B, yet we believe that this party is responsible for a percentage. Please clarify.

The trial court responded by recharging the jury regarding apportionment of negligence when a direct cause, and stating fault could not be apportioned to those parties whose negligence was not a direct cause. The jury was not reinstructed regarding the definition of direct cause. The trial court admonished the jury not to be concerned about the consequences or the effect of their answers.

Appellant moved for a new trial which was denied by order on May 29, 1985. That order was appealed.

### ISSUES

1. Did the trial court err in not finding respondents' negligence was a direct cause of the death as a matter of law?

2. Did the trial court err in reinstructing the jury?

3. Did the trial court abuse its discretion in not receiving certain evidence?

### ANALYSIS

1. Appellant claims the jury, after determining respondents to be negligent, incorrectly found respondents' negligence not to be a direct cause of decedent's death. Appellant argues any negligence found must have been a concurring direct cause of the death. Appellant claims therefore

the trial court erred in not finding the jury's special verdict perverse.

The jury was instructed to first determine whether decedent, the driver Denzer, and respondents were negligent. If any party was found negligent, the jury was instructed to determine whether that negligence was a direct cause of decedent's death. As this court stated in *Thorn v. Glass Depot*, 373 N.W.2d 799 (Minn.Ct. App.1985), *pet. for rev. denied,* (Minn. Nov. 1, 1985):

> This, we submit, clearly informs the jury that answering question one as to defendant's negligence "yes" but answering "no" to question two as to whether or not such negligence was a direct cause of the accident, would not be inconsistent.

*Id.* at 804.

■ A presumption of respondents' negligence may arise. A horse owner is prohibited from permitting the animal to run at large. Minn.Stat. § 346.16 (1984).

> "Running at large" in the context of the statute has been defined as " 'the permitting of any animal * * * to stroll, wander, rove or ramble at will without restraint or confinement.' " *Serr v. Biwabik Concrete Aggregate Co.,* 202 Minn. 165, 180, 278 N.W. 355, 364 (1938).

*Peterson v. Pawelk*, 263 N.W.2d 634, 637 (Minn.1978). Violation of the statute is negligence per se. *Id.* While the owner's negligence is thereby established, subject to excuse or justification, the jury must still determine whether the owner's negligence was a direct cause of the injury. *See id.*

Negligence and causation are separate elements in determining other than strict tort liability. *Thorn*, 373 N.W.2d at 803. Here, as in *Thorn:*

> The court instructed the jury that a direct cause is a cause which had a substantial part in bringing about the accident. This surely implies that not every act of negligence on the part of either a

plaintiff or defendant compels an affirmative finding of causation by the jury. *Id.* at 804 (footnote omitted).

The question of causation is normally for the jury to decide, and its determination will not be disturbed unless it is

> manifestly and palpably contrary to the evidence viewed as a whole and in the light most favorable to the verdict. It is only where the evidence is so clear and conclusive as to leave no room for differences of opinion among reasonable men that the issue of causation becomes one of law to be decided by the court.

*Vanderweyst v. Langford*, 303 Minn. 575, 576, 228 N.W.2d 271, 272 (1975).

■ Respondents reviewed the evidence and the propriety of the jury's special verdict.

> In this case the operator of a motorcycle was travelling at a high rate of speed on a dark night when he knew that his eyes watered more when he was travelling at higher speeds. He was not wearing goggles nor was his motorcycle equipped with a windshield as required by state law. He admits that his light was on high beam and that his light would reveal an object 300 feet in front of him; however, he also admits that he did not see the horse on the highway until he was 15 to 20 feet away. The horse at the time of impact was moving slowly and was perpendicular to the centerline. The jury could reasonably conclude that the only substantial factor in causing this accident was the motorcycle operator's failure to maintain a proper lookout, his travelling at an excessive rate of speed, or his failure to prevent obstructions to his vision. Any one of these alone would be sufficient to support the jury's conclusion that there was only one substantial factor in causing the accident.

We agree. The trial court did not err in entering judgment consistent with the jury's special verdict.

2. Appellant claims when the jury questioned the trial court regarding the special verdict form, the jury was confused regard-

ing the meaning of direct cause and the trial court erred in not reinstructing the jury as to that term.

The trial court originally charged the jury:

Now, Jurors, another term that is used in those Questions 2, 3 and 4 in the Special Verdict is that phrase "direct cause." As used in the Special Verdict Form in the context of this case a direct cause is a cause that had a substantial part in bringing about the death of Ricky Stewart, either immediately or through happenings that followed one after another. I will repeat that definition for you. A direct cause is a cause that had a substantial part in bringing about the death of Ricky Stewart either immediately or through happenings that followed one after another. Now there may be more than one direct cause of an event. When the effects of negligent conduct of each of two or more persons actively work at substantially the same time to cause an event each may be a direct cause. In this case a direct cause of the accident would also be a direct cause of the death of Ricky Stewart because it is undisputed that he died as a direct result of injuries he sustained in the accident.

The jury's note did not question the charge regarding direct cause, but instead questioned apportionment of fault. The jury wanted to assign fault to a party whose negligence they had found not to be a direct cause of decedent's death. The trial court explained that was not possible because the jury could only assign fault to those parties whose negligence was a direct cause. The trial court recharged the jury:

In responding to Question 5, first you are to answer Question 5 only if you have answered Yes to any two or more of Questions 2(B), 3(B) and 4(B). If you have done that then you have found that the negligence of two or more persons was the direct cause of the death of Ricky Stewart. If you have done that, then you are to answer Question 5 by attributing percentages only among

those whose negligence which you have found to have been a direct cause of the death totaling 100 percent. In other words, you are not to attribute any percentage in your answer to Question 5 to any one who you have not found to have been a—who you have not found either to be negligent, or whose negligence you have not found to have been a direct cause of the death.

The jury stated it understood and retired to render its special verdict.

■ Appellant relies on *Meinke v. Lewandowski*, 306 Minn. 406, 237 N.W.2d 387 (1975). There, however, the jury specifically expressed its confusion regarding direct cause. The trial court improperly directed the jury to change its response to the apportionment question. Here, if the jury misunderstood direct cause it did not state so, and the trial court did not direct the jury to take certain action, nor did it "interfere with the jury's role as the sole determiner of the issues presented to it." *Id.* at 412, 237 N.W.2d at 392. The trial court properly reinstructed the jury which stated it understood.

3. Appellant claims the trial court abused its discretion in not receiving evidence the deputy sheriff's car struck respondents' horse when arriving at the accident scene. Appellant argues that evidence was his most convincing regarding the horse's invisibility. The trial court ruled the evidence irrelevant.

■ Appellant failed to make an offer of proof. All the transcript indicates is the horse was in a prone position at that time on the side of the road. The trial court has substantial discretion in determining the relevancy of evidence. *See Jenson v. Touche Ross & Co.*, 335 N.W.2d 720, 725 (Minn.1983). Here, a substantial difference exists between a horse upright in the center of a roadway and a horse prone on the roadway's side. The trial court did not abuse its discretion in not receiving that evidence.

## DECISION

The trial court properly reinstructed the jury, did not abuse its discretion in excluding certain evidence, and properly entered judgment consistent with the jury's special verdict.

Affirmed.