Florence SAVAGE and Wally Savage, Appellants,

v.

K–MART CORPORATION, Respondent.

No. C9–86–26.

Court of Appeals of Minnesota.

Sept. 9, 1986.

Darrell M. Sears, William D. O'Hara, Jr., Brainerd, for appellants.

Chet D. Deter, Lasley, Gaughan, Stich & Angell, Minneapolis, for respondent.

Considered and decided by LESLIE, P.J., and WOZNIAK, and CRIPPEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellants brought suit against respondent for injuries allegedly sustained as a result of respondent's negligent maintenance of its store. The jury found respondent was negligent, but that respondent's negligence was not a direct cause of the injuries. Appellant brought a motion for new trial, alleging that the verdict was contrary to the evidence and that the trial court erred in admitting certain evidence concerning respondent's routine practices and past experiences. The trial court denied the motion. We affirm.

## FACTS

On the evening of January 4, 1983, appellant Florence Savage went to a K–Mart store operated by respondent. In order to enter the store, she had to travel about two hundred feet through a mall before reaching the K–Mart store itself. She walked into the store, started looking at merchandise, and fell on the floor. Her son, who coincidentally was in the store at the same time, and her husband went to help her. They testified that appellant was lying in a puddle of water, two to three feet wide and about four feet long. They testified that as they knelt down to help appellant their pants became soaking wet from water on the floor. Appellant was taken to a hospital where she remained for two weeks with a broken hip.

She brought suit against K–Mart, claiming K–Mart was negligent in maintaining its store. At trial, appellant, her husband, and her son testified concerning the accident. No testimony presented indicated that the puddle had been created by a K–Mart employee or that the puddle had been there for an unreasonably long period of time. Nor did any direct evidence establish that appellant actually slipped in the puddle, as she did not recall exactly what happened and no eye witnesses saw her fall. Appellant's testimony essentially proved that there was a puddle on the floor and that appellant slipped and hurt herself.

K–Mart's witnesses were all employees who testified to routine procedures for finding and cleaning up spills. They testified that water was generally not a problem at the store because customers had to walk through the mall before entering the store. Over appellant's objection, Ordith Ohman, the assistant manager at the store, stated that about every ten or fifteen minutes the assistant manager routinely pass-

es through the area where appellant was injured. The assistant manager looks to see if the ground is wet and if it is she calls two stock people who immediately come out and clean up the mess. Any other employee who sees a spill is also instructed to call stock people to clean up the mess. Both Ohman and Irving Bauman, a maintenance person, testified that they had never seen a puddle as large as the one on which appellant claimed she slipped. Respondent did not, however, present any witnesses who worked that night or recalled the incident.

The jury returned a special verdict that found both parties negligent, but found respondent's negligence was not a proximate cause of the injuries. A judgment was accordingly entered for respondent and appellant moved for a jnov or a new trial. The court denied these motions and this appeal follows.

## ISSUES

1. Does the evidence support the jury's verdict that respondent's negligence did not cause appellant's injury?

2. Did the court prejudicially err in allowing respondent to elicit evidence concerning its general practice regarding spills on the floor?

## ANALYSIS

■ Appellant initially contends that the jury erred in finding respondent's negligence was not a direct cause of appellant's injuries. Causation is a question of fact that ordinarily must be left to the jury. *Pluwak v. Lindberg,* 268 Minn. 524, 528–29, 130 N.W.2d 134, 138 (1964). The jury's finding on causation will not be set aside unless it is manifestly and palpably contrary to the evidence viewed as a whole and in the light most favorable to the verdict. *Hakala v. Megarry Bros.,* 309 Minn. 561, 562, 244 N.W.2d 156, 157 (1976). We must affirm the verdict if it can be reconciled in any reasonable manner with the evidence and its fair inferences. *Vanderweyst v. Langford,* 303 Minn. 575, 228 N.W.2d 271, 272 (1975).

■ Appellant contends that this court must hold as a matter of law that respondent's negligence was a proximate cause of the injury because no reasonable person can come to any other conclusion. *See Reese v. Henke,* 277 Minn. 151, 156, 152 N.W.2d 63, 67 (1967). Appellant argues that the uncontroverted evidence shows that there was water on the floor. Because the jury found respondent negligent, appellant contends that this water was negligently present on the floor. Appellant contends that she obviously slipped on the water that was negligently on the floor. Because she would not have fallen but for the puddle being on the floor, appellant contends that no reasonable person could conclude the puddle was not a substantial cause of the fall.

Although appellant's argument is logical, we cannot say that no reasonable person could come to a different conclusion on the matter. Appellant presented no direct evidence that she did, indeed, slip on the puddle. Although the jury could have inferred that she did slip on the puddle, this is not the only conclusion that could be made. The jury could also have concluded that appellant slipped on snow clinging to her shoes or that she could have fallen because of the high heel boots she was wearing. Although we might prefer that the jury would have found that K–Mart's negligence was a direct cause of the accident and would have then proceeded to compare the negligence of the parties, we believe a reasonable person could conclude that K–Mart's negligence was not a substantial factor in causing the accident.

2. Appellant also contests an evidentiary ruling in which the court allowed the assistant manager of respondent's store to testify concerning the store's general procedure for dealing with spills on the floor. The court also allowed the store manager to testify that she never saw a spill as large as the one on which appellant's witnesses stated appellant slipped. Despite appellant's argument that the evidence was prejudicial and irrelevant to prove what

happened on the particular incident, the court allowed the testimony into evidence.

Rule 406 of the Minnesota Rules of Evidence provides that evidence of a routine practice of an organization is relevant to prove that the conduct of the organization on a particular occasion was in conformity with the routine practice. The trial court properly allowed the evidence of respondent's routine practice concerning spills on the floor to show that respondent properly maintained its store free from water spills on the floor. The evidence that the manager had never seen a four foot puddle on the floor is a bit different as it is not evidence of a routine procedure of respondent. This evidence was admitted to impeach the testimony of appellant's son and husband who both testified that appellant was on a puddle which was about four feet long and which was so deep that their knees were drenched when they knelt down to help appellant. We do not believe that admission of this evidence was so prejudicial as to compel granting a new trial.

### DECISION

Because the jury's verdict is not palpably contrary to the evidence and because the trial court did not err in its evidentiary rulings, we affirm.

Affirmed.