Wayne L. DENZER, et al., Appellants,

v.

Donald FRISCH, et al., Respondents.

No. C7–88–871.

Court of Appeals of Minnesota.

Oct. 18, 1988.

Ronald W. Benson, Benson & Merchlewitz, Winona, for appellants.

James H. Turk, Blethen, Gage & Krause, Mankato, for respondents.

Heard, considered and decided by HUSPENI, P.J., and NORTON and HACHEY,* JJ.

## OPINION

HUSPENI, Judge.

Appeal is taken from an award of summary judgment wherein the trial court found appellants Denzer collaterally estopped from bringing suit against respondents Frisch. Appellants entered a *Pierringer* agreement with the plaintiff in a prior action which had been brought against both appellants and respondents. When appellants subsequently sued respondents for damages, the trial court found appellants had been in privity with the plaintiff during the former action and collaterally estopped appellants' present action. We reverse and remand for trial.

## FACTS

Wayne L. Denzer was the driver of a motorcycle which collided with a horse owned by respondents, Donald and Mary

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

Frisch. The collision occurred on May 27, 1981 at approximately 1:10 a.m. and killed Ricky A. Stewart, a passenger on the motorcycle. Subsequently, Stewart's estate brought suit against both appellant Denzer and the respondents Frisch. In that action, Denzer and the Frischs filed similar cross-claims, each alleging the other's negligence caused the accident and that they should be entitled to contribution or indemnification from the other for any award either would have to pay Stewart's estate. Prior to trial, the estate settled its claim with Denzer for $17,500. The settling parties signed a *Pierringer* release which reserved the estate's right to further pursue its claim against the Frischs. In the release, the estate also agreed to indemnify Denzer "against any and all amounts he [Denzer] may be held liable by consequence of the injuries and damages sustained by the next-of-kin of Ricky A. Stewart * * *." The *Pierringer* release which was signed October 13, 1982, did not mention Denzer's right to proceed against the Frischs.

In 1985, before trial of the prior action, Denzer sought dismissal from that suit. The court granted his motion and further ordered that his cross-claim against the Frischs be dismissed. The trial proceeded before a jury on the estate's claim that the Frischs negligently allowed the horse to escape and that such negligence was the cause of Stewart's death.

On April 23, 1985, the jury returned a special verdict awarding the estate $52,-416.00 in damages. The jury also found that the Frischs negligently allowed their horse to escape, but that such negligence was not a direct cause of Stewart's death. According to the jury, Stewart's death was 80% attributable to Denzer's negligence and 20% attributable to Stewart's own negligence. We affirmed in *Stewart v. Frisch*, 381 N.W.2d 1 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Mar. 27, 1986).

On May 22, 1987, Denzer served a summons and complaint on the Frischs alleging their horse was "negligently allowed to escape," and that such negligence was the proximate cause of the collision. The Frischs answered stating:

[T]he negligence of [Denzer] for this incident has already been determined by a verdict in the [previous] case * * *.

Subsequently, the Frischs moved for summary judgment arguing that Denzer should be collaterally estopped from relitigating the issue of the Frischs' negligence. In an order granting summary judgment to the Frischs, the trial court stated:

[I]n *Stewart v. Frisch*, [Denzer's] interests were represented by the plaintiff. This is because the *Pierringer* release effectively merged the interests of Denzer and Stewart. Although the negligence of Denzer would still go to the jury and the cross-claim of Frisch would not be dismissed, the release assured Denzer that any judgment against him would be satisfied by Stewart. * * * In this instance, Denzer contracted away his interest for a guarantee of indemnification.

\* \* \* \* \* \*

If the Stewart litigation had continued as an action against the Frischs and Denzer, the present suit might not be barred. However, because the *Pierringer* release effectively aligned Denzer with Stewart, a Denzer/Frisch adversarial relationship did emerge.

## ISSUE

Is appellant's claim for damages against respondents barred by collateral estoppel where appellant and plaintiff in a former action entered a *Pierringer* agreement?

## ANALYSIS

Application of collateral estoppel is appropriate where:

(1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Ellis v. Minneapolis Commission on Civil Rights*, 319 N.W.2d 702, 704 (Minn.1982). The parties contest neither that the negli-

gence sought to be litigated by Denzer in a suit against Frisch would be identical to that already litigated by the estate nor the finality of the earlier judgment. However, disagreement exists regarding the characterization of Denzer's involvement in the prior suit.

The Frischs argue that because Denzer was originally a party to the Stewart suit and because he subsequently executed a *Pierringer* release with Stewart's estate, he was in privity with the estate. The Frischs maintain there was privity because the release contained the estate's promise to reimburse Denzer for any contribution or indemnification that Denzer would have to pay Frisch as a result of Stewart's suit. Therefore, upon the execution of the agreement it became in the estate's best interests to minimize Denzer's liability. The Frischs argue that because minimization of Denzer's liability would have been Denzer's objective had he remained a party to the prior suit, the estate's interests coincided with Denzer's and he was, as a result, represented in *Stewart* to a degree sufficient to establish privity and thus preclude the present suit by collateral estoppel.

We do not find the Frischs' privity argument persuasive. "There is no prevailing definition of privity which can automatically be applied * * *." *Margo–Kraft Distributors, Inc. v. Minneapolis Gas Company*, 294 Minn. 274, 278, 200 N.W.2d 45, 47 (1972). Generally,

> [Privity] expresses the idea that certain nonparties may be so connected with the litigation that the judgment should also determine their interests.

*Brunsoman v. Seltz*, 414 N.W.2d 547, 550 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Jan. 15, 1988). "Privity is usually a question of fact requiring case-by-case determination." *Miller v. Northwestern National Insurance Company*, 354 N.W.2d 58, 62 (Minn.Ct.App.1984).

■■■ We find no case supporting the Frischs' claim that the *Pierringer* release between Denzer and Stewart's estate puts them in privity with each other. A privy to a party may be identified by the privy's controlling participation and active self-in-

terest in the original litigation. *Miller*, 354 N.W.2d at 62. Those in privity would include (a) those who control an action although not parties to it, (b) those whose interests are represented by a party to the action, and (c) successors in interest to those having derivative claims. *Margo–Kraft*, 294 Minn. at 278, 200 N.W.2d at 47–48.

(a) A nonparty to a prior suit can be bound to the results of that suit where the nonparty

> so controls an action in advancing her own interests that the nonparty has had her day in court.

*Bogenholm v. House*, 388 N.W.2d 402, 406 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Aug. 13, 1986). To have control of litigation, a person must have an effective choice as to legal theories to be advanced on behalf of the party and have control over the opportunity to obtain review. *Id.*

■■■ We find no support for an argument that Denzer controlled the prior litigation. The *Pierringer* agreement did not grant control of the former action to Denzer and there is no allegation that Denzer chose the legal theories advanced in the prior trial. He did not have a vicarious "day in court." Therefore, collateral estoppel cannot be imposed on such a theory.

(b) We also find insufficient evidence to permit us to conclude that Denzer's interests were so adequately represented in *Stewart* as to allow collateral estoppel in this action. It is true that upon execution of the *Pierringer* agreement the interests of Stewart's estate coincided with what would have been Denzer's interests had he remained a party to the earlier suit. However, coincidental interests alone are not sufficient to establish privity. In *Bogenholm*, multiple plaintiffs, including the Bogenholms, wanted multiple trials on the same or similar causes of action arising from the same car accident. The Bogenholms did not join the first action and it was asserted they should be collaterally estopped from bringing a separate suit against the same defendants. On appeal, this court observed:

The Bogenholms * * * were not obligated to intervene in the [first action] simply because they were interested in proving the same set of facts.

*Id.* at 406. We find *Bogenholm* controlling on this issue.

The Frischs attempt to distinguish *Bogenholm* by observing that the Bogenholms were not parties to the prior lawsuit and took no affirmative action therein while, originally, Denzer was a party to an earlier suit and therefore had such an opportunity. The Frischs ignore the fact that the Bogenholms had to fend off two separate consolidation attempts to get their separate trial. Thus in *Bogenholm*, as here, there was an opportunity for participation in, and contribution to, an earlier action.

The Frischs also attempt to distinguish *Bogenholm* on the basis that in the first action, Denzer received "consideration" from Stewart's estate in the form of a release and the estate's promise of indemnification, while in *Bogenholm* the plaintiffs received nothing in the first action. Assuming for the purposes of this analysis that the release and promise of indemnification were "consideration," the Frischs still equivocate on the nature of Denzer's present claim. Any "consideration" Denzer received in *Stewart* was for the money paid to the estate and the foregone cross-claim. Central to our analysis is that the foregone cross-claim was for contribution/indemnification, not for Denzer's damages. Any damages Denzer might have received from the Frischs were not in issue when the *Pierringer* agreement was executed. It is those damages which are the subject of the present action; therefore, we are unable to distinguish *Bogenholm* as the Frischs urge.

(c) There is no argument that Denzer is a successor in interest to someone having a derivative claim.

Aside from their privity argument, the Frischs additionally maintain that Denzer should have preserved his claim against them in the *Pierringer* agreement. For this proposition they cite *Hentschel v. Smith,* 278 Minn. 86, 153 N.W.2d 199 (1967). We find the Frischs' reliance on

*Hentschel* misplaced. The *Hentschel* court noted:

The extent to which a judgment or decree entered by consent is conclusive in a subsequent action should be governed by the intention of the parties as expressed in the agreement * * *.

*Id.* at 91, 153 N.W.2d at 203.

An intention to be bound * * * should not be found * * * unless the language [of the agreement] or admissible evidence affirmatively points to it.

*Id.* at 94, 153 N.W.2d at 205. Our examination of the *Pierringer* agreement reveals no affirmative intention on Denzer's part to forego a damages action against the Frischs. In addition, a requirement that claims be preserved is not consistent with Minnesota law regarding *Pierringer* agreements. Generally, such agreements have three essential elements:

1. The release of the settling defendants from the action and the discharge of a part of the cause of action equal to that part attributable to the settling defendants' causal negligence;

2. the reservation of the remainder of the plaintiff's causes of action against the nonsettling defendants; and

3. plaintiff's agreement to indemnify the settling defendants from any claims of contribution made by the nonsettling parties and to satisfy any judgment obtained from the nonsettling defendants to the extent the settling defendants have been released.

*Frey v. Snelgrove,* 269 N.W.2d 918, 920 n. 1 (Minn.1978) (citing Simonett, *Release of Joint Tortfeasors: Use of the Pierringer Release in Minnesota,* 3 Wm.Mitchell L.Rev. 1, 3, 8, notes 32, 33 (1977)). Thus, while plaintiff parties to *Pierringer* agreements are required to reserve their causes of action against nonsettling defendants, there is no parallel requirement for settling defendants such as Denzer. Because the Frischs would have had no right to insist that Denzer make such a reservation in the original action, his failure to do so cannot be fatal to the present action.

Finally, if this court were to affirm the trial court's privity and collateral estoppel

determinations, we would be ruling, in effect, that Denzer was required to bring any damage claims he had against the Frischs by cross-claim in the original action or forever lose the right to bring them at all. Placing a party in a position where a claim must be made or it is lost makes that claim mandatory or compulsory. Cross-claims are not mandatory or compulsory in Minnesota. The language of Minn.R.Civ.P. 13.07 is permissive and conditional:

A pleading *may* state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action.

*Id.* (emphasis added).

## DECISION

The trial court erred in determining that the *Pierringer* agreement between Stewart's estate and Denzer was sufficient to put them in privity in the first suit and collaterally estop Denzer's subsequent action for damages against the Frischs.

Reversed and remanded for trial on the merits.