Donald C. GERINGER,
Plaintiff-Appellant,

v.

UNION ELECTRIC COMPANY,
Defendant-Respondent.

Donald C. GERINGER,
Plaintiff-Appellant,

v.

UNION ELECTRIC COMPANY, et al.,
Defendants-Respondents.

Nos. 51889, 52516.

Missouri Court of Appeals,
Eastern District,
Division One.

June 2, 1987.

860

Harold G. Johnson, St. Ann, for plaintiff-appellant.

Jay A. Summerville, Ann E. Buckley, St. Louis, for defendant-respondent, Union Elec. Co.

Robert S. Rosenthal, Terese A. Drew, St. Louis, for defendant-respondent, Sachs & Miller, P.C.

KELLY, Judge.

Donald C. Geringer appeals from the Circuit Court of St. Louis City's order of May 27, 1986, granting summary judgment in favor of respondent Union Electric Company on appellant's claim for malicious prosecution. Following the entry of summary judgment in favor of Union Electric Company in Cause No. 832–00826, on June 2, 1986, appellant sought to file an amended petition which added three counts, and joined as a defendant Sachs & Miller, P.C., the law firm which represented Union Electric Company in the underlying action which was the basis for appellant's claim for malicious prosecution. Leave to file an amended petition was denied by the Court. On July 2, 1986, appellant filed his notice of appeal from the Court's rulings entered on May 27, 1986, and June 2, 1986, respectively, on the motion for summary judgment in favor of respondent Union Electric Company and the motions for leave to join a new party defendant and to file an amended petition, captioned *Geringer v. Union Electric Company*, Cause No. 832–00826.

While appeal in Cause No. 832–00826 was pending, appellant filed the purported "amended petition" as a new lawsuit, captioned *Geringer v. Union Electric Company and Sachs & Miller, P.C.*, Cause No. 862–01859. On August 1, 1986, respondent Union Electric filed a motion to dismiss on the ground that there was a pending suit between the same parties for the same cause of action on appeal in our Court. Subsequently, respondent Sachs & Miller, P.C., filed an amended motion to dismiss asserting that the present cause of action between both Union Electric and Sachs & Miller, P.C., was the same cause of action between appellant and respondent Union Electric and was an attempt to split the latter cause of action.

On September 19, 1986, the Circuit Court of the City of St. Louis sustained both respondents Union Electric and Sachs & Miller, P.C.s' motions to dismiss on the grounds that the petition "arises from the same cause of action as that contained in *Geringer v. Union Electric*, Cause No. 832–00826." Geringer appeals from the order of the trial court which barred appellant's second lawsuit against both Union Electric and Sachs & Miller, P.C.

In the interest of judicial economy, we have consolidated the pending appeal, *Geringer v. Union Electric Company*, Cause No. 832–00826, and the second appeal, *Geringer v. Union Electric Company and Sachs & Miller, P.C.*, Cause No. 862–01859, and the judgments of the trial courts are affirmed.

A complete discussion of the facts underlying the original dispute is essential to master a clear understanding of the proceedings and issues in this case.

The underlying action which is the basis for appellant's claim for malicious prosecution was filed on behalf of Union Electric against Geringer in the Circuit Court of the County of St. Louis, in May, 1981. That petition alleged that Donald Geringer was the father of an unemancipated minor child, under 18 years of age, living in his care and custody, and that on August 2, 1980, the unemancipated minor child had "willfully, wantonly, maliciously and purposely damaged Union Electric Company's utility pole and electrical transmission equipment in the amount of $804.18."

The legal file indicates that Donald Geringer was properly served. On June 3, 1981, Geringer failed to appear, and a default judgment was entered against Donald Geringer in the amount of $804.18. The record reflects that Donald Geringer paid Union Electric two hundred dollars on said judgment.

Shortly thereafter, Union Electric notified the Missouri Director of Revenue that the appellant failed to satisfy the default judgment rendered against him in the amount of $804.18.

On October 8, 1981, appellant was notified by the Director of Revenue's office that his driving privileges were being suspended and that he was required to surrender all vehicle registrations issued solely in his name, including automobile plates for two vehicles he owned.

Following appellant's loss of driving privileges, appellant retained counsel. On February 25, 1982, appellant's attorney, via letter, advised respondent Union Electric that the default judgment did not comply with the requirements of § 537.045 RSMo (1979 as amended),[1] and thus said judgment was void. Appellant alleged that § 537.045 RSMo 1979 requires that a judgment must

1. The relevant portion of § 537.045 provides as follows:

  The parent or guardian, excluding foster parents, of any unemancipated minor, under eighteen years of age, in their care and custody, against whom judgment has been rendered for purposely marking upon, defacing or in any way damaging any property, shall be liable for the payment of that judgment up to an amount not to exceed two thousand dollars, provided that the parent or guardian has been joined as a party defendant in the original action. The judgment provided herein to be paid shall be paid to the owner of the property damaged, but such payment shall not be a bar to any criminal action or any proceeding against the unemancipated minor for such damage for the balance of the judgment not paid by the parent or guardian.

be rendered against the minor before a parent can be held liable, and since Union Electric failed to join appellant's minor daughter in the lawsuit, said default judgment was void.

Appellant's attorney requested that Union Electric refund Donald Geringer's two hundred dollars paid to respondent Union Electric on the judgment and asked Union Electric to notify the Department of Revenue that the suspension of Donald Geringer's driving privileges should be set aside.

On March 10, 1982, Union Electric filed a satisfaction of judgment in the St. Louis County case.

On July 22, 1982, after failing to obtain compliance with his requests counsel for appellant filed a peremptory writ of mandamus in the Circuit Court of St. Louis County. The writ directed the Director of Revenue to set aside and hold for naught the notice suspending Donald Geringer's driver's license and ordered the Director of Revenue to reinstate Donald Geringer's driving privileges. Union Electric was not a party to that proceeding.

On March 25, 1983, Donald Geringer filed a petition in the Circuit Court of the City of St. Louis, Cause No. 832–00826, against Union Electric Company for malicious prosecution. Appellant alleged in that suit, inter alia, that based upon Union Electric's conduct in instituting the utility pole damage suit against appellant, prosecuting it to a default judgment and attempting to collect on the judgment by notifying the Director of Revenue that the judgment was unsatisfied, he had been "greatly injured in his good name, fame and reputation." He further alleged that he had been brought into public disgrace and that even though the suspension had been removed from his permanent driving record, he had been and would be burdened with a detrimental driving record.

On May 27, 1983, Union Electric filed a motion to dismiss for failure to state a claim and an alternative motion for summary judgment and motion to strike portions of plaintiff's petition. In support of its motion for summary judgment, Union Electric attached a certified copy of the entire contents of the file in the underlying utility pole damage suit in St. Louis County. The crux of Union Electric's motion was that an essential element of a cause of action for malicious prosecution is the termination of the prior litigation in favor of the present plaintiff, that plaintiff's petition for malicious prosecution did not allege that the prior action had terminated favorably to him, and that the certified copy of the court file in fact reflected that the action had terminated in favor of Union Electric through the entry of the default judgment against Donald Geringer.

No action was taken until nearly three years later when respondent Union Electric finally filed a notice of hearing calling up its motions to dismiss, for summary judgment and to strike. Union Electric's motions were argued on May 27, 1986, at which time the trial court granted Union Electric's motion for summary judgment.

Following the entry of summary judgment in favor of respondent Union Electric in Cause No. 832–00826, appellant sought to file an amended petition which joined as a defendant Sachs & Miller, P.C., Union Electric's attorneys in the suit for utility pole damage, and added several new counts on different theories: abuse of process, prima facie tort, and tortious interference with plaintiff's driver's license. Leave was denied, and plaintiff filed his second lawsuit against both Union Electric and Sachs & Miller, P.C., Cause No. 862–01859.

Because of the complex proceedings and difficulty in following what has occurred by reference to Circuit Courts' designations of these cases, we will address appellant's claim solely against Union Electric separately from his claim against both Union Electric and Sachs & Miller, P.C.

■ We initially address appellant's claim against Union Electric for malicious prosecution. The elements of a cause of action for malicious prosecution are: (1)

The commencement of a prosecution against the plaintiff; (2) instigated by the defendant; (3) termination in favor of the plaintiff; (4) want of probable cause for the prosecution; (5) defendant's conduct was actuated by malice, and; (6) plaintiff was damaged. *Zahorsky v. Barr, Glynn and Morris, P.C.*, 693 S.W.2d 839, 842[3] (Mo. App.1985). We focus here on the third element, termination of the prosecution in favor of the malicious prosecution plaintiff.

In the case at bar, the underlying action had not terminated in appellant's favor. To the contrary, the judgment in Union Electric's favor has never been set aside or vacated, and the record reflects that the default judgment rendered against appellant in the underlying suit for utility pole damage remains in full force and effect.

Missouri courts have held as a matter of law that a default judgment which has not been set aside is a bar to an action for malicious prosecution based upon it. *Jackson v. Missouri Rating and Collection Company*, 537 S.W.2d 442, 443[1] (Mo.App. 1976); *McMahon v. May Department Stores Company*, 374 S.W.2d 82, 89–90[10] (Mo.1963).

■ In *McMahon*, plaintiff sought to set aside a default judgment on the grounds that it had been procured through a fraudulent return of service and sought damages for malicious prosecution in the underlying action and in garnishment proceedings undertaken in an effort to collect the judgment. The trial court refused to set aside the default judgment and granted judgment for defendant on the malicious prosecution counts. The Missouri Supreme Court affirmed, stating:

> The difficulty with respect to Count II as stating an action for malicious prosecution arises from the fact that there had been, at the time of filing the action, no termination favorable to the appellant of the original action and there is not one now.... Any effort by appellant to state a cause of action for malicious prosecution based on the judgment in the magistrate court may well have been premature prior to his succeeding in having that judgment set aside.... In any event, as long as that judgment stands, it is an effective bar to an action by appellant for malicious prosecution based upon it. 374 S.W.2d at 89–90[10]

The instant case falls squarely within *McMahon*. We find that the existing default judgment rendered against appellant in the underlying suit is an effective bar to his malicious prosecution claim.

Appellant argues that the peremptory writ issued to the Director of Revenue, directing him to set aside the suspension of appellant's driving privileges "rendered the judgment void," and thus was a termination of the suit in his favor. We disagree.

The proceeding leading to the issuance of the peremptory writ amounted to a collateral attack on the judgment. At no time did the court in that proceeding directly review the judgment of the Associate Circuit Division in the prior lawsuit, nor did the Court at any time set aside the prior default judgment.

Furthermore, Union Electric was not a party to the mandamus proceeding nor did it have any notice of that proceeding. The peremptory writ indicates that the mandamus proceeding was in the nature of an *ex parte* proceeding, in which the court "does now find and adjudge that the *judgment on relator's driving record is void* due to the failure of Union Electric Company to comply with the provisions of § 537.045 RSMo." (emphasis added). We find that the court was rendering the judgment of suspension on Geringer's driving record void, which did not set aside or vacate the default judgment rendered against appellant on June 3, 1981. Our research has not disclosed any Missouri cases which support appellant's position that a description of a judgment as "void" in an order issued in a collateral proceeding, to which defendant was not a party, can constitute termination of the underlying action in plaintiff's favor so as to satisfy one of the essential requirements for a malicious prosecution action.

Nor can we find any support for appellant's contention that the satisfaction of judgment filed by Union Electric Company's attorneys in the utility pole damage suit amounts to a termination of that action in his favor.

■ We again note that the certified copy of the court file demonstrates that the default judgment in the prior action remains in full force and effect. A default judgment which has not been set aside cannot be attacked collaterally for purposes of a malicious prosecution suit. *See Defford v. Zurheide-Hermann, Inc.,* 536 S.W.2d 804, 810[9] (Mo.App.1976); *McMahon v. May Department Stores Company,* 374 S.W.2d 82, 90–92[11] (Mo.1963). Appellant's point is without merit.

We conclude that respondent Union Electric was entitled to summary judgment as a matter of law on appellant's malicious prosecution claim, since an essential element of appellant's cause of action had been conclusively negated.

We next address appellant's contention that the trial court abused its discretion in denying appellant's motion to add as a party Sachs & Miller, P.C., and to amend his petition to plead other theories of liability after the entry of summary judgment for respondent Union Electric.

We note at the outset that the denial of leave to amend a petition is within the sound discretion of the trial court, and that decision will not be disturbed on appeal unless there is a showing that the court palpably and obviously abused its discretion. *Baker v. City of Kansas City,* 671 S.W.2d 325, 329[10] (Mo.App.1984).

When Union Electric originally filed its motion for summary judgment, it seems to us that a prudent plaintiff, if he were considering amending his petition, would have immediately sought leave to plead additional theories of liability or to add as a party defendant Sachs & Miller, P.C. However, the record indicates that the motion for summary judgment had been pending for three years, and it wasn't until *after* summary judgment had been entered against him that appellant attempted to file his amended petition.

■ The function of Rule 55.33(a) is to permit matters to be presented that were overlooked or unknown when the original action was filed, without changing the original cause of action. *Consumers Oil Co. v. American Nat. Bank,* 713 S.W.2d 598, 600[1] (Mo.App.1986). Appellants made no showing that the substance of the proposed amendment was unknown at the time the pleadings were first framed in March 1983. Furthermore, appellant's proposed amendments would have changed the nature of the cause of action and would not simply have cured a defect in appellant's pleading.

■ We conclude that the court acted within Rule 55.33(a) and that the denial of leave to amend appellant's petition after summary judgment had been granted was not an abuse of discretion.

We now address appellant's assertion that the trial court erred in sustaining both Union Electric and Sachs & Miller, P.C.'s motions to dismiss appellant's second lawsuit, captioned *Geringer v. Union Electric Company and Sachs & Miller, P.C.,* Cause No. 862–01859.

■ The trial court granted both defendants' motions to dismiss, stating:

Court finds that said petition arises from the same cause of action as that contained in *Geringer v. Union Electric Company,* Cause No. 832–00826. (See *Mullen v. General Motors Corporation,* 640 S.W.2d 144 (Mo.App.1982).)

The trial court properly sustained the motions to dismiss appellant's petition, because appellant's second lawsuit was barred by his previously filed lawsuit.

We initially address the dismissal of claims against Union Electric. Appellant concedes that under *Mullen v. General Motors Corp.,* 640 S.W.2d 144 (Mo.App. 1982), if the new claims are based on the same facts as the first suit, the new claims should be dismissed. However, appellant

argues that his original suit and the claims against Union Electric in the second suit are based on "two separate sets of acts" by Union Electric. The first suit, appellant contends, was based on Union Electric's act in "suing plaintiff for his daughter's negligence under a § 537.045 RSMo theory, then failing to comply with the required statutory provisions (joining the minor daughter in the lawsuit) and thereby rendering the default judgment void." Appellant asserts that the claims against Union Electric in the second suit are based on its conduct in notifying the Director of Revenue that the judgment had been rendered and was unsatisfied, thus, "attempting to use Chapter 303 RSMo as a means to collect money by suspending plaintiff's driving privileges."

■ The test used to determine if a single cause of action exists is if: (1) the separate actions brought arise out of the same act, contract, or transaction, or (2) if the parties, subject matter and evidence necessary to sustain the claim are the same in both actions, then the cause of action is single and cannot be split. *Burke v. Doerflinger*, 663 S.W.2d 405, 407[6] (Mo.App. 1983); *Mullen v. General Motors Corp.*, 640 S.W.2d 144, 145[2] (Mo.App.1982).

It is clear from the pleadings that appellant's first suit was based upon Union Electric's conduct in instituting the utility pole damage suit against appellant, prosecuting it to a default judgment and attempting to collect on the judgment by notifying the Director of Revenue that the judgment was unsatisfied. The subsequent suspension of appellant's driving privileges by the Department of Revenue was merely a continuation of the original act, the filing of the petition for utility pole damage.

■ A cause of action which is single may not be split and filed or tried piecemeal, the penalty for which is that an adjudication of the first suit is a bar to a second suit. *Eugene Alper Const. Co., Inc., v. Joe Garavelli's of West Port, Inc.*, 655 S.W.2d 132, 135[5] (Mo.App.1983); *Stoops*

*v. Stoops*, 363 Mo. 1075, 256 S.W.2d 799, 801[2] (1953). Since the facts which are the basis for the claims against Union Electric in the second suit are the same facts alleged in the first suit, the filing of the second suit against Union Electric constitutes a splitting of a cause of action.

For these reasons, the trial court properly dismissed the claims made against Union Electric in Cause No. 862-01859.

■ We now address the dismissal of claims against Sachs & Miller, P.C. The trial court properly sustained Sachs & Miller, P.C.'s motion to dismiss because appellant's lawsuit was barred by the doctrine of collateral estoppel in that there was a judgment on the same issue in appellant's previous lawsuit.

■ The court in reviewing whether the application of collateral estoppel is appropriate should consider: (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; and (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication. *Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713, 719[10] (Mo. banc 1979).

Appellant argues that he has asserted additional counts on different theories which have not been litigated. He alleges that besides malicious prosecution pled in the previous litigation, he now has a new cause of action for abuse of process, prima facie tort, and tortious interference with plaintiff's driver's license. We disagree.

■ Issue preclusion applies equally whether the subsequent action is the same claim or a different claim. *Consumers Oil Co. v. Spiking*, 717 S.W.2d 245, 249[5] (Mo. App.1986). The facts which are the basis for the claims against Sachs & Miller, P.C. in the second suit are the same claims alleged in appellant's previously filed lawsuit. We find that the issue decided in the prior adjudication was identical with the

**866**

issue presented in appellant's second lawsuit.

 Secondly, we consider whether the prior adjudication resulted in a judgment on the merits. The prior adjudication resulted in summary judgment. For purposes of applying collateral estoppel, a summary judgment is a final adjudication on the merits even if that judgment is appealed. *Consumers Oil Co. v. Spiking,* 717 S.W.2d 245, 250–51[10, 13] (Mo.App. 1986).

Lastly, it is clear that Sachs & Miller, P.C., the law firm which represented Union Electric Company in the underlying action, was in privity with Union Electric in the prior adjudication. Appellant has had a full and fair opportunity to litigate the same issue in the previous lawsuit that he is now asserting against Sachs & Miller, P.C.

We conclude that the trial court did not err in dismissing appellant's second suit. Cause No. 862–01859 was barred by the doctrine of collateral estoppel as there was a final adjudication on the same issue in appellant's previous lawsuit.

The judgment of the trial court is affirmed.

SATZ, P.J., and CRIST, J., concur.