552 So.2d 1162 (1989)
Willie P. VERHAGEN, Appellant,
v.
Enrique ARROYO, a/K/a Henry Arroyo, Individually and As a Partner or Associate of Gaston, Snow & Ely Bartlett, et al., Appellees.
No. 89-1395.
District Court of Appeal of Florida, Third District.
November 7, 1989.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellant.
Kreeger, Sexton & Kreeger and Francis X. Sexton, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
PER CURIAM.
The appellant seeks review of an adverse final summary judgment which reads in part as follows:
* * * * * *
FINDINGS OF FACT
1. The basis for defendants' Motion is that the issues in this case were fully litigated to a final judgment in the case of Willie P. Verhagen v. Rudy Montigny, Paul Janssens and Soft-Art, Inc., Case Number 85-2002-CA-01 (WLB), in the Circuit Court ("Collier County action") and thus, that the doctrine of collateral estoppel bars plaintiff Willie P. Verhagen ("Verhagen") from litigating the same issues in the case at bar.
* * * * * *
3. The Collier County complaint alleged that defendants Montigny and Janssens entered into an agreement with Verhagen whereby in return for funding and services, Verhagen would receive a 25% beneficial and/or economic interest in Soft-Art, Inc., and that on or about March 28, 1985, Montigny and Janssens issued stock of Soft-Art, Inc. to themselves, but not to Verhagen, contrary to the said agreement.
4. Specifically, plaintiff Verhagen alleged in the Collier County action:
14. Upon information on or about March 28, 1985, the individual defendants *1163 wrongfully, maliciously and contrary to the representation made to the Plaintiff caused to be issued to themselves all of the stock of Soft Art, Inc., thereby appropriating to their own use and benefit plaintiff's interest in Soft Art, Inc., and thereafter proceeded to exclude the plaintiff from the business affairs of such entity by removing him as an officer and director of the defendant Soft Art, Inc. and refusing to provide the plaintiff with any information regarding Soft Art, Inc. or any of its affairs.
15. The acts of the individual defendants as averred above were contrary to the representations made to Plaintiff, constitute an abuse of the trust plaintiff reposed in the individual defendants and a violation of the fiduciary duty owed by such defendants to Plaintiff.
5. In the Collier County complaint, Verhagen asserted four causes of action, two of which survived to the trial: Count I alleged a breach of contract and constructive trust by Montigny and Janssens and an "abuse of trust" by them; Count III alleged that Montigny and Janssens defrauded him.
6. At all times relevant to the Collier County action, defendant Arroyo served as counsel to Montigny and Janssens in the Collier County action, until he withdrew as counsel of record for Montigny and Janssens after the instant case was filed against him in Dade County shortly before the Collier County action was set to proceed to trial.
7. The instant Complaint alleges the same agreement between plaintiff Verhagen on the one hand and Montigny and Janssens on the other, and alleges the same breach of that agreement by Montigny and Janssens, but then alleges, at paragraph 13 thereof, that Montigny and Janssens were assisted by defendant Arroyo in the issuance of the Soft-Art shares to them, but not to Verhagen. Plaintiff Verhagen alleges that by providing this assistance, defendant Arroyo (and derivatively, his then lawfirm, Gaston Snow) committed a tort by intentionally depriving him of his proprietary rights in Soft-Art, Inc. and also committed civil theft.
8. Specifically, the allegations against Arroyo and Gaston Snow appear in paragraphs 14 and 15 of the complaint:
14. Each and every one of the acts committed by Enrique Arroyo were done intentionally, maliciously and with the intent to deprive Plaintiff of his proprietary rights in Soft-Art, Inc., and to interfere with the advantageous relationship he enjoyed with Soft Art, Inc.
15. As a direct and proximate result of the aforesaid events plaintiff lost his proprietary interest in Soft-Art, Inc., and the benefits arising from the advantageous relationship he enjoyed with such entity and with the joint venture. (Emphasis added).
9. At the conclusion of the presentation of all the evidence in the Collier County action, the Court, per Judge Blackwell, directed a verdict for Montigny and Janssens against plaintiff Verhagen on Counts I (breach of contract/constructive trust) and III (fraud). A Final Judgment and an Order Denying Plaintiff's Motion for a New Trial were filed.
10. In the Order Denying Plaintiff's Motion for a New Trial, Judge Blackwell ruled:
Following the close of the Defendant's case, Defendants Rudolph Montigny and Paul Janssens moved for Directed Verdict against Plaintiff's Counts I and III alleging breach of an oral agreement and fraud. As to the Count for alleged breach of an oral contract, the Court ruled that Florida Statutes § 607.051(2), does not allow for the enforcement of oral agreements for the subscription of shares and that the enforcement of Plaintiff's alleged oral contract would also be barred by the general statute of frauds, Florida Statutes § 725.01 et al. In reaching this decision, the Court relied on the analogous case of Khawly v. Reboul, 488 So.2d 856 (Fla. 3d DCA 1986), where the Third District Court of Appeal refused to enforce an oral agreement dividing the parties interest in a corporation.
In granting Defendants Montigny and Janssens' motion as to the fraud count, *1164 the Court found insufficient evidence in the record for a jury to find that Defendants Montigny and Janssens had the requisite state of mind to commit the intentional tort of fraud when, in March, 1985, they caused shares in Soft Art, Inc. to be issued to themselves but not to Plaintiff.
11. In addition, the Court notes that in the Collier County action, defendant Soft Art Inc.'s counterclaim against plaintiff for civil theft and fraud was sent to the jury, who, after hearing the evidence, rendered a verdict for Soft Art, Inc., assessing actual damages on both Counts of the counterclaim in the amount of $24,244.17 and awarding punitive damages on the fraud count in the amount of $19,653.28.
12. In their Answer and Affirmative Defenses filed herein, defendants Arroyo and Gaston Snow have asserted that defense of collateral estoppel to plaintiff Verhagen's claims in this action. The Answer avers that three issues were fully litigated before a judge and jury, with these results:
[1] That there was insufficient evidence to establish that a contract existed between Verhagen and Montigny/Janssens;
[2] That there was insufficient evidence to establish that Montigny and Janssens had defrauded Verhagen by issuing shares of Soft-Art, Inc. to themselves and not Verhagen;
[3] That there was sufficient evidence to find that Verhagen had defrauded and stole from Soft-Art Inc.
CONCLUSIONS OF LAW
13. The doctrine of collateral estoppel bars this action against Gaston Snow and Arroyo. Even though Arroyo and Gaston Snow were not partners to the Collier County action, this Court finds such strict "mutuality of parties" not necessary where, as here, the defendants seek to use the doctrine of collateral defensively. In addition, Arroyo and Gaston Snow were counsel to defendants to Montigny and Janssens in the Collier County action, and are alleged by plaintiff to have been acting as counsel for those parties when the alleged wrong acts were committed. Thus, defendants Arroyo and Gaston Snow were, for collateral estoppel purposes, in privity with the defendants in the Collier County action and the judgment in favor of those defendants may be used defensively by Arroyo and Gaston Snow.
14. The Collier County action and this action involve the same or substantially the same issues of law and fact. In the Collier County action, plaintiff Verhagen alleged that defendants in that case, Montigny and Janssens, breach a contract and some fiduciary obligation to issue shares to him and committed a tort when they issued shares to themselves and not to him. In this action, Verhagen alleges that defendants Arroyo and Gaston Snow committed torts by assisting Montigny and Janssens in those same alleged acts. Besides the common facts operative in both cases, common to both actions is the issue of whether Verhagen was entitled to any shares or proprietary interest in Soft-Art, ab initio. After trial in the Collier County action, that issue was answered in the negative and is dispositive here.
* * * * * *
Finding that the trial court was fully justified in entering the final summary judgment under the applicable law, we affirm. Zeidwig v. Ward, 548 So.2d 209 (Fla. 1989); Husky Industries, Inc. v. Griffith, 422 So.2d 996 (Fla. 5th DCA 1952); Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); Hann v. Carson, 462 F. Supp. 854 (MD Fla. 1978); Knoblauch v. Kenyon, 163 Mich. App. 712, 415 N.W.2d 286 (1987); Anno. 31 ALR 3d 1044 (1970).
Affirmed.