**MERCHANTS STATE BANK,**
**Plaintiff and Appellee,**

v.

**C.E. LIGHT, d/b/a Light Law Office,**
**Defendant and Appellant.**

**No. 16655.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1990.

Decided July 11, 1990.

Rehearing Denied Aug. 1, 1990.

Robert E. Hayes of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellee.

C.E. Light of Light Law Office, Yankton, for defendant and appellant.

PER CURIAM.

C.E. Light, d/b/a Light Law Office (Attorney), appeals the summary judgment entered in favor of Merchants State Bank of Freeman (Merchants Bank). The circuit court determined that Attorney's claims were barred by the doctrine of res judicata. We affirm.

FACTS/PROCEDURAL HISTORY

Diana Hofer (wife) and Jennis Hofer (husband) operated a family farm near Freeman, South Dakota. Husband and wife had been married for approximately 24 years when, in 1984, husband was convicted of a major crime and incarcerated. Responsibility for operating and maintaining the family farm and raising the couple's six children fell upon wife.

At all times preceding husband's incarceration all bank accounts, motor vehicles and real estate were jointly titled in husband and wife. Moreover, all non-titled personal property (including farm equipment, livestock and crops) was jointly owned. In December 1982 husband decided to consolidate their debts and transfer their joint accounts to Merchants Bank. Husband negotiated a consolidation loan of $90,000 with Harris Hofer (Harris), President and Chairman of the Board of Merchants Bank. Husband signed a security agreement but wife did not. Harris did not request wife's signature on the security agreement because he personally felt that all personal property accumulated by a husband and wife is assumed to be solely owned by the husband.

Following the initial loan, Merchants Bank made numerous operating loans on promissory notes signed by either husband or wife. After husband's incarceration Merchants Bank loaned wife $106,500 and she executed a new promissory note in that amount. All promissory notes previously executed by husband and wife were perforated and returned to wife. Wife never executed a security agreement, nor was she ever asked to do so.

Wife contacted Attorney to obtain advice on her financial situation. After a UCC search Attorney concluded that wife's joint ownership interest in real and personal property was not encumbered because it had not been pledged by her as security for any debt. Attorney also concluded that all prior promissory notes of husband and wife had been satisfied from the proceeds of the $106,500 loan to wife and as a result there was no existing debt subject to the security agreement previously signed by husband.

In January 1985 wife sold cattle for a sum exceeding $20,000. Wife deposited one-half of the proceeds in the American State Bank and the other one-half in the First National Bank of Freeman. Wife and Attorney discussed the possibility of wife pursuing a Chapter 11 bankruptcy. Attorney requested a $10,000 retainer (retainer) which wife paid out of those proceeds of the cattle sale which had been deposited in American State Bank.

After Merchants Bank attempted to "freeze" wife's accounts, she filed for bankruptcy. On wife's behalf, Attorney instituted an adversary proceeding in bankruptcy court seeking a determination that Merchants Bank had no security interest in the cattle sale proceeds. The bankruptcy court determined that the $106,500 loan was not a novation of the previous indebtedness of husband and that wife was estopped to deny that the cattle sale proceeds were covered by the security agreement signed by husband. Both the United States District Court and the United States Court of Appeals affirmed the bankruptcy court. *See Hofer v. Merchants State Bank of Freeman*, S.D., 823 F.2d 271 (8th Cir.1987); *In Re Hofer*, 55 B.R. 680 (Bkrtcy.1985).

Merchants Bank sued Attorney alleging wrongful and tortious conversion of the $10,000 retainer. Attorney defended claiming that the retainer, as wife's purported share of the proceeds of the cattle sale, was not subject to the security agreement or to claim by Merchants Bank. The trial court granted summary judgment in favor of Merchants Bank. Attorney appeals.

## DECISION

The issue on appeal is whether res judicata barred Attorney from relitigating whether Merchants Bank acquired an interest in the proceeds of the sale of the cattle by wife.

■ Summary judgment shall be rendered if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. SDCL 15–6–56(c). In making this determination the trial court must review the facts in the light most favorable to the nonmoving party. *Wilson v. Great Northern Railway Company*, 83 S.D. 207, 157 N.W.2d 19 (1968).

■ Res judicata and collateral estoppel, although similar in goal, are different doctrines. Collateral estoppel prevents relitigation of issues actually litigated in a prior

proceeding. *Bank of Hoven v. Rausch,* 449 N.W.2d 263, 266 (S.D.1989). Res judicata precludes litigation of an issue actually litigated *and* issues which could have been properly raised and determined in a prior action. *Id.* It is perhaps easier to visualize the distinction by conceptualizing res judicata as "claim preclusion" and collateral estoppel as "issue preclusion." *See* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 4402. Res judicata, as claim preclusion, is broader than the issue preclusion function of collateral estoppel. *Bank of Hoven,* 449 N.W.2d at 266.

■ Res judicata bars an attempt to relitigate a prior determined cause of action by the parties or one of the parties in privity to a party in the earlier suit. *Id.; Melbourn v. Benham,* 292 N.W.2d 335, 337 (S.D.1980). A cause of action is comprised of the facts which give rise to, or establish, the right a party seeks to enforce. *Bank of Hoven,* 449 N.W.2d at 266. The test for determining if both causes of action are the same is a query into whether the wrong sought to be redressed is the same in both actions. *Id.*

■ Merchants Bank sued to recover the $10,000 retainer from Attorney. As a defense, Attorney argues that Merchants Bank failed to properly acquire and perfect a security interest in wife's interest in the subject personal property. Attorney correctly notes that SDCL 57A-9-203 provides that a security interest is unenforceable against a debtor or third parties unless the debtor has signed a security agreement. *See also* SDCL 57A-9-402(1).

In 1987, Attorney represented wife in a bankruptcy adversarial proceeding which adjudicated the same issue presented here, namely, whether Merchants Bank had a security interest in the proceeds from the sale of the cattle. Attorney did not raise the statutory (SDCL 57A-9-203 and 57A-9-402) defenses in the bankruptcy action. The bankruptcy court held that Merchants Bank's security interest attached to the proceeds of the January 1985 cattle sale. The U.S. district court affirmed the bankruptcy court's decision. Subsequently, the Eighth Circuit Court of Appeals also affirmed the bankruptcy court decision specifically holding that "the bank's security interest attached to the proceeds of the January 1985 cattle sale." *Hofer,* 823 F.2d at 273. More importantly, the Court of Appeals stated "it appears that [wife] did not present [the UCC defenses] to the bankruptcy court, either by her complaint or by her motion to reconsider or to amend the judgment. Likewise, she did not raise [the UCC defenses] in her designation of issues appealed to the district court. Accordingly, we will not consider the issue on appeal." (The federal court procedure on appeal is in accord with our own. An appellant may not raise on appeal any issue which was not raised with the court below. *Nauman v. Nauman,* 445 N.W.2d 38, 39 (S.D.1989); *Larkin v. Roe,* 443 N.W.2d 12, 14 (S.D.1989).)

Attorney was a "party or in privity to a party" in the prior litigation. This court has not required that "strict privity" be established, but rather has held that:

> In deciding who are parties for the purpose of determining the conclusiveness of prior judgments, the courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment that may be rendered.

*Schell v. Walker,* 305 N.W.2d 920, 922 (S.D.1981). *See also Black Hills Jewelry Mfg. v. Felco Jewel,* Ind., 336 N.W.2d 153, 157 (S.D.1983). We see no reason why this relaxed privity concept should not apply to the lawyer who prosecuted and directed the prior litigation. "Identity of parties is not a mere matter of form, but of substance." *Schell,* 305 N.W.2d at 922.

Attorney represented wife in bankruptcy court, district court and before the court of appeals and therein litigated claims arising out of the same facts and conflicts as presented in this action. Res judicata bars Attorney, under the facts presented in this case, from relitigating those issues which

were or could have been litigated in the prior action.

Affirmed.