PER CURIAM.
In this appeal from final summary judgment, appellant asserts the trial court determined an issue of fact by erroneously applying the doctrine of collateral estoppel. We agree and reverse.
In granting summary judgment, the trial court took judicial notice of a ruling in another mortgage foreclosure case against Brock involving different plaintiffs. The trial court then applied the doctrine of collateral estoppel to resolve the question of the validity of a power of attorney allegedly used by Brock’s wife to obtain the mortgages, and consequently rejected appellant’s affirmative defenses and counterclaim in the present ease. The trial court stated that identity of parties was not required for the doctrine to apply, relying on Verhagen v. Arroyo, 552 So.2d 1162 (Fla. 3d DCA 1989), and Dixie Auto Transport Co. v. Louttit, 588 So.2d 68 (Fla. 2d DCA 1991), as authority for that proposition. More recent case law convinces us that the trial court’s interpretation of the doctrine of collateral estoppel in Florida is incorrect.
In Stogniew v. McQueen, 656 So.2d 917, 919 (Fla.1995), the supreme court rejected the contention that as a result of Zeidwig v. Ward, 548 So.2d 209 (Fla.1989), there was “no longer a requirement of mutuality for purposes of collateral estoppel. Zeidwig constituted a narrow exception in which collateral estoppel was permitted in a defensive context and then only under the compelling facts of that case.”[1] In Zeidwig, the court had approved “the use of defensive collateral estoppel to prevent a criminal defendant, as a plaintiff, from relitigating' the same issue which has been litigated in prior criminal proceedings,” holding that defensive collateral estoppel applied in that eriminal-to-civil context despite the lack of identical parties. 548 So.2d at 209. The court determined that the findings on Zeidwig’s motion for post-conviction relief as to his claim of ineffective assistance of counsel collaterally estopped him from suing his attorney for legal malpractice based on ineffective assistance. See generally Jones v. Upjohn Co., 661 So.2d 856 (Fla. 2d DCA 1995)(in Stogniew, court limited Zeidwig to its facts).[2] The present case *1109 does not involve a comparable relationship among parties to the two suits, and thus does not fit within Zeidmg ⅛ “narrow exception.” See also The Florida Bar v. Clement, 662 So.2d 690 (Fla.1995); Starr Tyme, Inc. v. Cohen, 659 So.2d 1064 (Fla.l995)(“[t]he rule in Florida has been that unless both parties are bound by the prior judgment, neither can use the judgment as an estoppel against the other in a subsequent action. This is particularly true when the doctrine is used offensively, that is, by a plaintiff to estop a defendant from relitigating issues that the defendant litigated and lost in a prior proceeding against another plaintiff’).[3]
Appellant also contends the trial court erred in denying a motion to dismiss for failure to prosecute after appellee presented a memorandum of good cause, however, we find no abuse of discretion in that regard. See, e.g. Edgecumbe v. American General Corp., 613 So.2d 123 (Fla. 1st DCA 1993).
AFFIRMED in part, REVERSED in part, and REMANDED.
BOOTH, JOANOS and PADOVANO, JJ., concur.

. The Stogniew court also indicated that the mutuality requirement could be satisfied if a party to the second action was in privity with or "virtually represented by one who [was] a party to [the first] lawsuit.” To be virtually represented, "one must have an interest in the action such that she will be bound by the final judgment as if she were a party.” 656 So.2d at 920.

. Both of the cases the trial court relied on in its order, Verhagen and Dixie Auto, cited Zeidwig. Verhagen appears to involve a factual situation somewhat similar to that in Zeidwig, in that there *1109 was a close connection between the parties to both suits. The Dixie Auto opinion contains no recitation of the facts.

. In addition, this case does not appear to involve purely defensive application of collateral estoppel.