**Katherine M. RUCKER, Appellant,**

v.

**Steven B. SCHMIDT, Respondent,**

**Rider Bennett, LLP, Respondent.**

**No. A08–1730.**

Court of Appeals of Minnesota.

July 21, 2009.

William R. Skolnick, Sean A. Shiff, Skolnick & Shiff, P.A., Minneapolis, MN, for appellant.

Joseph W. Anthony, Janel M. Dressen, Anthony Ostlund Baer Louwagie & Ross, P.A., Minneapolis, MN, for respondent Schmidt.

Lewis A. Remele, Jr., Kevin P. Hickey, Shanda K. Pearson, Joseph Anthony, Bassford Remele, P.A., Minneapolis, MN, for respondent Rider Bennett.

Considered and decided by STAUBER, Presiding Judge; STONEBURNER, Judge; and SCHELLHAS, Judge.

## OPINION

STONEBURNER, Judge.

Appellant successfully sued her ex-husband for fraud on the court concerning the valuation of ex-husband's interest in a business in a dissolution of marriage action. Appellant subsequently sued ex-husband's dissolution attorney and the law firm that employed him based primarily on the same facts asserted in her suit against ex-husband, for attorney's alleged fraud, fraud on the court, and aiding and abetting fraud in the dissolution action. The district court granted summary judgment to attorney and law firm based on its conclusion that, due solely to the attorney-client relationship, ex-husband and attorney were in privity for purposes of the application of the doctrine of res judicata, barring appellant's separate action against attorney and law firm. Because we conclude that the attorney-client relationship alone does not establish privity between ex-hus-

band and attorney for purposes of res judicata, we reverse and remand.

## FACTS

The facts material to this appeal are not in dispute. Appellant Katherine M. Rucker and her now ex-husband Robert Rucker (ex-husband) agreed to use an independent appraiser (expert) to establish the value of ex-husband's 50% interest in a business. Ex-husband was represented in the dissolution by respondent Steven B. Schmidt (attorney), who was employed by respondent Rider Bennett, LLP (law firm).

The dissolution was resolved based on a marital termination agreement, drafted by attorney, in which ex-husband represented that he had made full disclosure of his business interests. More than a year after the dissolution judgment was entered, appellant sued ex-husband for fraud on the court, asserting that ex-husband intentionally provided deceptive, misleading, and incomplete information about the business to expert and to the district court that resulted in the undervaluation of his business interest. The district court concluded that appellant established her claim that ex-husband committed fraud on the court regarding the value of his business interest. The district court awarded damages based on the actual value of ex-husband's interest in the business as established in the fraud trial. In connection with this litigation, appellant became aware of evidence that she asserts supports an allegation that attorney also committed fraud regarding the business valuation.

Ex-husband appealed, but before his appeal was completed, appellant settled her claim against him for less than the full amount of the judgment in an agreement that reserved her right to pursue an action against attorney and law firm. Appellant then sued attorney and law firm, asserting fraud and deceit, fraud on the court, and aiding and abetting fraud. Appellant sought damages and treble damages under Minn.Stat. §§ 481.07, .071 (2006).

Attorney and law firm moved for summary judgment on several grounds. The district court granted summary judgment to both based on res judicata after determining that, as a matter of law, ex-husband and attorney were in privity for purposes of res judicata by virtue of their attorney-client relationship. This appeal followed.

## ISSUES

1. Does an attorney-client relationship per se establish privity for purposes of res judicata, barring separate lawsuits against the client and attorney for alleged fraud committed by each in the course of a dissolution action?

2. Was summary judgment based on res judicata appropriate, absent an analysis of whether application of res judicata would work an injustice on appellant in this case?

## ANALYSIS

### I. Standard of review

■ Summary judgment is appropriate when there are no genuine issues of material fact and either party is entitled to a judgment as a matter of law. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). We review the application of res judicata de novo. *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn.2004).

### II. Limitation on actions against attorneys

■ We begin by recognizing that generally, "an attorney acting within the scope of his employment as attorney is immune from liability to third persons for actions arising out of that professional relationship." *McDonald v. Stewart*, 289 Minn. 35, 40, 182 N.W.2d 437, 440 (1970).

An exception exists, however, when the attorney acts fraudulently, maliciously, or otherwise commits an intentional tort. *Melrose Floor Co. v. Lechner,* 435 N.W.2d 90, 91 (Minn.App.1989). Here, attorney is accused of fraud, therefore, summary judgment based on general principles of attorney immunity is not appropriate. *See Hoppe v. Klapperich,* 224 Minn. 224, 241, 28 N.W.2d 780, 791 (1947) (stating that an attorney is liable to a third party for knowingly becoming an "instrumentality for the perpetration of fraud").

### III. Res judicata

 Fundamental to the doctrine of res judicata "is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies. . . ." *Hauschildt,* 686 N.W.2d at 837 (quotations omitted). "Once there is an adjudication of a dispute between parties, res judicata prevents either party from relitigating claims arising from the original circumstances, even under new legal theories." *Id.* Res judicata applies to all claims litigated and to all claims that could have been litigated in the earlier action; "a party is required to assert all alternative theories of recovery in the initial action." *Id.* at 840 (quotations omitted).

Res judicata applies as an absolute bar to a subsequent claim when (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter.

*Id.* "All four prongs must be met for res judicata to apply." *Id.*[1]

In this case, the parties agree that: (1) appellant's claims against ex-husband involved the same set of factual circumstances that are involved in her action against attorney and law firm; (2) there was a final judgment on the merits in appellant's action against ex-husband; and (3) appellant had a full and fair opportunity to litigate the matter asserted in her action against ex-husband. But they dispute whether, due solely to the attorney-client relationship, ex-husband and attorney were in privity for purposes of res judicata.[2] The question of whether the attorney-client relationship alone constitutes privity for purposes of res judicata is one of first impression in Minnesota.

### IV. Privity

 In the context of res judicata, "[p]rivity requires a person so identified in interest with another that he represents the same legal right." *Milner v. Farmers Ins. Exch.,* 725 N.W.2d 138, 142 (Minn. App.2006) (quoting *Beutz v. A.O. Smith Harvestore Prods., Inc.,* 431 N.W.2d 528, 533 (Minn.1988)), *rev'd in part on other grounds,* 748 N.W.2d 608 (Minn.2008). "Privity does not follow one specific definition, but rather expresses the idea that a

---

**1.** Res judicata and collateral estoppel are related doctrines. *Id.* at 837. The analysis of privity for purposes of collateral estoppel is identical to the analysis of privity for purposes of res judicata, therefore we rely on cases involving collateral estoppel as well as cases involving res judicata. *See id.* (identifying a four-pronged collateral-estoppel test in which the privity prong is equivalent to that in the res-judicata test).

**2.** Appellant conceded at oral argument that under some circumstances an attorney and a client could be found to be in privity for purposes of res judicata, but in this case, attorney does not argue privity on any ground other than existence of the attorney-client relationship.

judgment should also determine the interests of certain non-parties closely connected with the litigation." *Reil v. Benjamin,* 584 N.W.2d 442, 445 (Minn.App.1998) (concluding that an employee was in privity with his employer in employer's suit against a third party for subrogation and indemnification for workers' compensation benefits paid to employee, and that collateral estoppel barred employee's separate action against third party), *review denied* (Minn. Nov. 17, 1998).[3]

 Some descriptions of privity are helpful to our analysis. "A privy to a party may be identified by the privy's controlling participation and active self-interest in the original litigation." *Miller v. Nw. Nat. Ins. Co.,* 354 N.W.2d 58, 62 (Minn.App.1984) (citing *Margo–Kraft Distribs., Inc. v. Minneapolis Gas Co.,* 294 Minn. 274, 200 N.W.2d 45 (1972)). "A privy is so identified with the party in interest as to be affected with the party by the litigation." *Id.* (citing *Hentschel v. Smith,* 278 Minn. 86, 95, 153 N.W.2d 199, 206 (1967)). "Privity does not exist between two joint tortfeasors when only one is sued[ [4]].... Participation in the defense alone is not enough." *Id.* (citing *Hentschel,* 278 Minn. at 95, 153 N.W.2d at 206). Privity "expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the

action, as if they were parties." *Margo–Kraft,* 294 Minn. at 278, 200 N.W.2d at 47 (quoting Restatement of Judgments § 83 cmt. a (1942)). "Those in privity would include ... those who control an action although not parties to it ...; 'those whose interests are represented by a party to the action ...; [and] successors in interest to those having derivative claims....' " *Id.* (quoting Restatement of Judgments § 83 cmt. a (1942))

 Here, the district court correctly noted that the circumstances of each case must be carefully examined to determine the nature and extent of the relationship between a formal party and the person alleged to have been in privity with that party, citing *Crossman v. Lockwood,* 713 N.W.2d 58, 62 (Minn.App.2006). After surveying a number of cases from other jurisdictions, the district court concluded that "the weight of authority compels the conclusion that an attorney and its client are in privity for purposes of res judicata." Based solely on the attorney-client relationship between ex-husband and attorney, the district court held that appellant's claims are barred by res judicata.

### a. Survey of cases from other jurisdictions

We have reviewed the cases relied on by attorney and the district court and determine that they do not support the sweeping conclusion that privity for purposes of

---

**3.** Note that an employee-employer relationship does not create de facto privity, as recognized in *Schneider v. Buckman,* 433 N.W.2d 98, 101–02 (Minn.1988), where, under the doctrine of respondeat superior, an employee and employer were found to be jointly and severally liable, making separate actions against them permissible.

**4.** But when joint tortfeasors are in privity by virtue of circumstances beyond being joint tortfeasors, they must be sued in the same action. *Manicki v. Zeilmann,* 443 F.3d 922,

926 (7th Cir.2006) (citing, among other cases, *Lawlor v. Nat'l Screen Serv. Corp.,* 349 U.S. 322, 330, 75 S.Ct. 865, 869, 99 L.Ed. 1122 (1955), for the proposition that even if a plaintiff's right to relief arises from a single episode, if it is a right against multiple parties-joint tortfeasors if the right arises under tort law-plaintiff need not join them in one suit unless there is privity among those parties "for in that event separate suits against them are treated as the equivalent of separate suits against the same party").

res judicata is established by the mere existence of the attorney-client relationship. Our determination is based on Minnesota law, the astounding lack of analysis in the cases reviewed (many of which cite each other as authority), and a common-sense conclusion that the judgment that husband committed fraud on the court does not decisively demonstrate that attorney committed fraud. We address the cases relied on by the district court and attorney as chronologically as possible, noting their interdependence.

In *Martino v. McDonald's Sys., Inc.*, 598 F.2d 1079 (7th Cir.1979), Martino and a corporation he co-founded brought an antitrust action against franchisers. A footnote in the opinion states that Martino argued that the federal compulsory-counterclaim rule did not apply to the corporate plaintiff that was not involved in a prior action between Martino and the franchisers; but Martino did not dispute that the corporate plaintiff was in privity with Martino for purposes of res judicata, therefore all references to Martino would include the corporate plaintiff. *Id.* at 1083 n. 7.

*Henry v. Farmer City State Bank*, 808 F.2d 1228 (7th Cir.1986), cites this footnote from *Martino* as support for the statement that even though the bank was the only party to a state court mortgage foreclosure proceeding that gave rise to Henry's federal lawsuit, other defendants in the federal action, "as directors, officers, employees, *and attorneys of the Bank,* are in privity with the Bank for purposes of res judicata." *Id.* at 1235 n. 6. (emphasis added).

Subsequently, in *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1169 (10th Cir.2000), the Tenth Circuit Court of Appeals, noting that that "[t]here is no meaningful dispute that the 'identity of the parties' element [of res judicata] is satisfied," stated that "[t]he law firm defendants appear by virtue of their activities as representatives of [par-

ties or privies to original action], also creating privity," citing the above-referenced footnote in *Henry* as holding "that for res judicata purposes privity exists between a party and its attorneys."

The district court and attorney relied on two unpublished cases from the United States District Court for the District of Minnesota: *Fearing v. Lake St. Croix Villas Homeowner's Ass'n,* No. 06–456, 2006 WL 3231970, at *8–9 (D.Minn. Nov.8, 2006), and *Johnson v. U.S. Bank, N.A.,* No. 04–4945, 2005 WL 1421461, at *2 (D.Minn. June 17, 2005). Both of these cases, without further analysis, cite *Henry* and *Plotner* to hold that law firms representing a party were in privity with the party for purposes of res judicata. And, as the district court in the case before us noted, many other cases have cited *Plotner* and *Henry* for the proposition that attorneys are considered privies of their clients for the purposes of res judicata. But we note that 47 Am.Jur.2d *Judgments* § 617 (2009) more correctly cites as a principle that "an attorney *may* be in privity with his or her client." (Emphasis added.) We conclude that the *Plotner/Henry* line of cases does not support the district court's conclusion that the attorney-client relationship alone creates privity for purposes of res judicata.

In *Geringer v. Union Elec. Co.*, 731 S.W.2d 859, 866 (Mo.Ct.App.1987), the Missouri Court of Appeals stated, "[I]t is clear that … the law firm which represented [party to original action] was in privity with [party to original action]." Because no citation or explanation accompanies this statement, we do not find it persuasive to support the decision in this case.

In a case that provides some analysis of the basis for holding an attorney in privity with a client for purposes of res judicata, the First Circuit Court of Appeals, in the

context of a debtor's suit against a former Chapter 11 trustee and his attorney, addressed whether an attorney, not a party to an earlier action, may deflect a lawsuit because he should have been but was not included in the earlier action. *In re El San Juan Hotel Corp.*, 841 F.2d 6, 10–11 (1st Cir.1988). Concluding that claim preclusion is appropriate if new defendants have a close and significant relationship with the original defendants, such as when the new defendants were named as co-conspirators of parties in the first proceeding, the court of appeals found that the attorney was in privity with the client-party to the original action except as to the claim that, while acting as attorney for client, the attorney charged the debtor estate excessive rates for services, because that claim did not involve the client's acts at the heart of the original claim. *Id.* The court of appeals determined that the first suit explored the various ways in which the former trustee had financially harmed the debtor estate and accused the attorney of being a co-perpetrator. *Id.* Significantly, in the case before us, attorney did not argue privity based on an assertion of conspiracy, but sought, and obtained from the district court, a broader holding that the attorney-client relationship alone creates privity for purposes of res judicata.

In *Verhagen v. Arroyo*, 552 So.2d 1162, 1164 (Fla.Dist.Ct.App.1989), the Third District Court of Appeals of Florida held that a prior judgment in favor of defendants in an action for breach of contract and fiduciary obligations barred a subsequent suit against defendants' attorneys for assisting defendants in the acts alleged in the original action. The court of appeals, stating that strict mutuality of parties is not necessary where defendants seek to use collateral estoppel defensively, held that because the lawyers were counsel to defendants in the prior suit and were alleged to have been acting as counsel when defendants committed the acts alleged in the prior suit, the lawyers were, for collateral estoppel purposes, in privity with defendants in the prior action and the judgment in favor of those defendants could be used defensively by the lawyers. *Id.* We do not find this case persuasive because ex-husband did not obtain a favorable judgment that attorney seeks to use defensively in this action.

In *Merchants State Bank v. Light*, 458 N.W.2d 792, 794–95 (S.D.1990), the South Dakota Supreme Court, in the context of a bank's suit to recover an attorney's retainer paid from funds obtained from the sale of property in which the bank had a security interest, held that because the attorney was in privity with the party who had given the security interest to bank, the attorney was barred from defending against bank's action by challenging the validity of bank's security interest. The South Dakota Supreme Court noted that it has not required "strict privity" but has held that "courts look beyond nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment that may be rendered." *Id.* at 794 (quotation omitted). It found no reason why this "relaxed privity concept" should not apply to the lawyer who prosecuted and directed the prior litigation in which bank's security interest was established. *Id.* But Minnesota has not expressed a "relaxed privity concept," and the holding in *Merchants State Bank*, 458 N.W.2d at 794–95, is not favorable to attorney because it implies that appellant could invoke res judicata to prevent attorney from denying that he committed fraud in the dissolution action. We are confident that attorney would vigorously deny privity in that circumstance.

In *Chaara v. Lander*, 132 N.M. 175, 45 P.3d 895, 897–98 (2002), the New Mexico

Court of Appeals applied res judicata to bar a father's action against mother's attorney for damages arising from the attorney's failure to timely deliver their children's passports to a guardian ad litem, holding that father's claims against mother's attorney arose out of the same circumstances that had been previously litigated in father's contempt action against mother, and attorney was in privity with mother. The court cited as authority *In re Richards*, 127 N.M. 716, 986 P.2d 1117, 1121 (1999), in which the New Mexico Supreme Court suspended an attorney from the practice of law for filing a claim against an adverse party's attorneys, challenging the reasonableness of attorney fees his client had been ordered to pay in a separate action. *Richards* states that "a lawyer of ordinary competence would recognize that the well-established doctrines of collateral estoppel and res judicata" barred the subsequent action against the attorneys due to privity of the attorneys with their client and the identical nature of the issues. *Id.* (quotation omitted). Neither *Chaara*, 132 N.M. 175, 45 P.3d 895, nor *Richards*, 127 N.M. 716, 986 P.2d 1117, provides any analysis of the basis of the attorneys in privity with their client.

In *Simpson v. Chicago Pneumatic Tool Co.*, 693 N.W.2d 612, 616–17 (N.D.2005), the North Dakota Supreme Court, noting that it had previously adopted a "somewhat expanded version of the concept of privity" in the context of collateral estoppel and res judicata, held that a plaintiff, who had been unsuccessful in pursuing discovery sanctions in a products liability case, was precluded from bringing another action against the same manufacturer and its attorney for allegedly withholding evidence that plaintiff sought to discover in the first action. The North Dakota Supreme Court noted that the only difference between the two suits was the addition of the attorneys as parties and the defendant's reliance on different legal theories.

*Id.* at 617. Because the alleged wrongful conduct of defendants in the original lawsuit involved the attorneys' responses on behalf of the client, the supreme court concluded that privity existed between the attorneys and client for purposes of res judicata and collateral estoppel, citing *Geringer*, 731 S.W.2d 859, and *Merchants State Bank*, 458 N.W.2d 792. Again we note that in the case before us attorney does not assert privity based on specific acts alleged, but rather argues that the attorney-client relationship itself establishes privity. Additionally, unlike *Simpson* (and, as previously noted, *Verhagen*), here attorney does not have a favorable judgment for ex-husband on which to base a defense.

*Jayel Corp. v. Cochran*, 366 Ark. 175, 234 S.W.3d 278, 280 (2006), involved an action by a real-estate developer, who had settled claims against adjacent landowners, against landowners' former attorney for abuse of process, slander of title, trespass, and conversion. The Arkansas Supreme Court first rejected the developer's argument, that he could sue the attorney because the attorney had not been named in the release given to landowners as based on the faulty premise that attorney and landowners were joint tortfeasors. *Id.* at 282. The court said the relationship between landowners and attorney was analogous to that of principal and agent. *Id.* Noting that it has never required strict privity in the application of res judicata and that in a res judicata principal-agent context it has "all but done away with the privity requirement," the Arkansas Supreme Court, noting the practical reasons behind its lenient approach to privity and the "combination of precedent, policy, and practicalities," concluded that the attorney-client relationship was sufficient to satisfy the privity requirement for purposes of res judicata, citing *Geringer*, 731 S.W.2d 859; *Chaara*, 132 N.M. 175, 45

P.3d 895; and *Simpson,* 693 N.W.2d 612. *Id.* at 282–83. By contrast, in this case, attorney has not relied on a principal-agent relationship to argue privity, and the Minnesota Supreme Court has not announced a relaxed application of privity in every principal-agent relationship.

### b. Application of cases

Despite the number of cases that appear to hold that the mere fact of the attorney-client relationship creates privity for purposes of res judicata, (1) lack of analysis in the cases; (2) imprecision in citation of authority; and (3) the fact that none of the cases involve allegations of separate fraud committed by the client and the attorney leave us unconvinced that the attorney-client relationship alone establishes privity for purposes of res judicata under all circumstances, and particularly, the specific facts of the case before us.

Minnesota law cautions that the circumstances of each case must be carefully examined in determining whether privity exists. *Margo–Kraft,* 294 Minn. at 278, 200 N.W.2d at 47. This admonition militates against a general rule that the attorney-client relationship per se creates privity for purposes of res judicata. And under well-established descriptions of privity, it is difficult to see how an attorney could be said to have an "active self-interest" in a client's dissolution action, or be "affected with" the client by a dissolution judgment, or that the attorney's interests are represented by the client in a dissolution action.

At oral argument on appeal, attorney argued that in fact he controlled the dissolution action such that he was in privity with husband in that action. But evidence of this assertion is not in the record, this argument was not made to the district court, and the district court's determination of privity was not based on a finding that attorney controlled the dissolution action. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (stating that this court will generally not consider matters not argued to and considered by the district court). Because the record is not sufficiently developed for adequate review of this issue, we address it only to note that we have stated that to bind a nonparty to the results of a prior suit, the nonparty must have "so control[led] an action in advancing her own interests that the nonparty has had her day in court." *Denzer v. Frisch,* 430 N.W.2d 471, 473 (Minn.App. 1988) (quoting *Bogenholm v. House,* 388 N.W.2d 402, 406 (Minn.App.1986), *review denied* (Minn. Aug. 13, 1986), which in turn was citing *Margo–Kraft,* 294 Minn. at 281, 200 N.W.2d at 49). This statement illustrates that the type of control of litigation required for privity is not the type of control of litigation typically exercised by an attorney in a dissolution action. *See also* Minn. R. Prof. Conduct 1.2 (stating that "a lawyer shall abide by a client's decisions concerning the objectives of representation and . . . shall consult with the client as to the means by which they are to be pursued . . . [and] shall abide by a client's decision whether to settle a matter").

### V. Application of res judicata

Because we conclude that the district court erred in holding that attorney and ex-husband were in privity due solely to the existence of an attorney-client relationship, we need not reach the issue of whether summary judgment was appropriate even if privity existed. But we note that the district court, despite having correctly identified the principle that res judicata should not be rigidly applied without an analysis of whether the application of the doctrine would work an injustice on the party against whom it is urged, *Hauschildt,* 686 N.W.2d at 837, failed to make such an analysis in this case. Therefore, even if we were to affirm the privity deter-

mination, we would nonetheless reverse summary judgment and remand for such a determination.

## DECISION

Because we conclude that, in an action in Minnesota in which a party and his attorney are each alleged to have committed fraud, the attorney-client relationship does not create per se privity between the client and attorney for purposes of res judicata, we reverse summary judgment granted to attorney and law firm based on the res judicata effect of appellant's prior judgment against ex-husband and remand for further proceedings.

**Reversed and remanded.**

SCHELLHAS, Judge (dissenting).

I respectfully dissent from the majority's decision to reverse the district court. The majority concludes that the district court erred in holding that appellant's claims are barred by res judicata. I disagree.

In this case, appellant sued her ex-husband for fraud in the underlying dissolution proceeding. Appellant prevailed after a court trial on the fraud claim, and judgment was entered. After ex-husband filed a notice of appeal, he and appellant reached a final settlement through which appellant reserved her right to pursue an action against respondents, and ex-husband dismissed his appeal. Appellant then brought this action for fraud.

After noting that "[appellant] does not dispute that her earlier claim against [ex-husband] Rucker involved the same set of factual circumstances as the present case, resulted in a final judgment on the merits, and provided [appellant] with a full and fair opportunity to litigate the matter," and after a well-reasoned analysis, the district court held that

> privity exists between Rucker and his attorney, Schmidt, and Schmidt's law

firm, Rider Bennett. Minnesota does not have a prevailing definition of privity which can be automatically applied. Instead, courts are instructed to carefully examine the facts of each case. Here, [appellant] brought this action based on the same set of operative facts as the fraud action against Rucker, and the alleged fraud arose out of Schmidt's representation of Rucker in the underlying divorce proceeding. The Court is persuaded by the precedent established and widely cited in the federal and state courts of the Eighth Circuit, which consistently hold that an attorney is in privity with his client for purposes of res judicata. Although not all other jurisdictions reach the same conclusion, on balance, the weight of authority compels the conclusion that an attorney and its client are in privity for purposes of res judicata. Under the operation of res judicata, [appellant's] claims against [respondents] are barred and summary judgment in [respondents'] favor is appropriate.

I agree with the district court.

"Privity requires a person so identified in interest with another that he represents the same legal right." *Beutz v. A.O. Smith Harvestore Prods., Inc.*, 431 N.W.2d 528, 533 (Minn.1988). As noted by the district court, this court has recently stated, "the circumstances of each case must be examined to determine the nature and extent of the relationship between a formal party and the person alleged to have been in privity with that party." *Crossman v. Lockwood*, 713 N.W.2d 58, 62 (Minn.App. 2006). The foreign cases cited by the district court address circumstances very similar to those present here and provide helpful precedent. Under the narrow factual circumstances presented here, where the alleged fraud by respondent attorney arose only out of the attorney's represen-

tation of ex-husband, I agree with the district court that the attorney and his law firm were in privity with ex-husband, as a matter of law, such that appellant should be barred by res judicata from relitigating the fraud claim that was earlier fully and fairly tried.

I would affirm the district court.